UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

LUIS ALFONSO FRIAS,

Defendant.

11-CR-452

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons is to be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On July 6, 2011, Luis Alfonso Frias pled guilty to the third count of a three-count indictment. That count charged that on or about January 15, 2011, within the Eastern District of New York, Frias, with the intent to induce and secure the issuance of a passport under the authority of the United States, for his own use, and contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, did willfully and knowingly make one or more false statements in an application for a passport, by using a false name, a false date of birth, and a false Social Security number, in violation of 18 U.S.C. § 1542.

Frias was sentenced on October 27, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be ten and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between six and twelve months. The offense to which Frias pled guilty carries a maximum term of imprisonment of ten years. 18 U.S.C. § 1542. The maximum potential fine is $250,000. 18 U.S.C. § 3571(b)(3).

Frias was sentenced to time served, and to three years of supervised release. A special assessment of $100 was imposed. No fine was imposed; restitution was not ordered.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offense is a serious one, but defendant has been incarcerated since early June, and will continue to be imprisoned until he is deported. Defendant is a citizen of the Dominican Republic, and was abused as a child by his mother and his mother's boyfriend. He entered the United States illegally in 1995 in an attempt to find a better life for himself and his children. Defendant is involved in a long-term relationship, and has supported his girlfriend's children. He has held various jobs, and has worked as a truck driver, a taxi driver, and as a driver for a health clinic.

Mr. Frias is clearly remorseful for his actions. A sentence of time served, given the time he has already spent imprisoned and the time he will spend imprisoned until he is deported, as well as the supervised release required, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term of incarceration that defendant has served, and by the term of supervised release imposed. The sentence will send a clear message that fraudulent attempts to obtain passports will result in punishment. The defendant's past incarceration will also serve to further the goal of specific deterrence. It is the court's hope that that the defendant will not engage in further criminal activity in light of his family ties and his regret for his misdeeds.

Jack B. Weinstein
Senior United States District Judge

Dated: October 27, 2011
Brooklyn, New York